UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELLERY J. PETTIT,<br><br>　　　　Plaintiff-Appellant,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION et al.,<br><br>　　　　Defendants-Appellees. | No. 14-15464 |

## APPELLEES' OPPOSITION TO APPELLANT'S FIFTH MOTION TO EXTEND TIME TO FILE OPENING BRIEF

Appellees respectfully submits this opposition to Appellant's fifth motion to extend time to file the opening brief on the ground that Appellant fails to establish good cause for the fifth extension. Appellant concludes without any explanation that his layperson status prevents him from filing his opening brief within the additional 120-days already approved by this Court. There is no legal authority supporting countless extensions for pro se litigants on this basis.

　　　　Respectfully submitted on May 1, 2015.

　　　　　　　　　　　　　　　　　　/s/ I-Che Lai
　　　　　　　　　　　　　　　　　　I-CHE LAI, ESQ.
　　　　　　　　　　　　　　　　　　Nev. Bar No. 12247
　　　　　　　　　　　　　　　　　　BROOKS HUBLEY, LLP
　　　　　　　　　　　　　　　　　　1645 Village Center Circle, Suite 200
　　　　　　　　　　　　　　　　　　Las Vegas, Nevada 89134
　　　　　　　　　　　　　　　　　　Telephone: (702) 851-1191

　　　　　　　　　　　　　　　　　　*Attorney for Appellees*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Background

Appellant filed this appeal in March 2014. (Doc. No. 1.) This Court required Appellant to file his opening brief by December 22, 2014. (Doc. No. 6.) Around December 18, 2014, Appellant moved for a one-month extension of the filing deadline because he is "a layperson in the law" and "need[s] th[e] extra time to research and write an appropriate brief." (Doc. No. 7 at 1.) Before any opposition to the motion, the court clerk granted the extension—imposing a new filing deadline of January 26, 2015. (Doc. No. 8.) Appellant requested three more extensions using language identical to the one in the first extension request. (Doc. Nos. 9, 11, 13.) And again, the court clerk granted the extensions before any opposition—setting April 23, 2015 as the current deadline to file the opening brief. (Doc. Nos. 10, 12, 14.)

Two days before the expiration of this deadline, Appellants move for a fifth extension using the same language set forth in the earlier motions. (Doc. No. 15.) But there is no explanation of any progress on Appellant's opening brief. (*Id.*) It is therefore apparent that Appellants seeks to delay resolution of this appeal in order to preserve Appellees' litigation hold on the real property at issue, which allows Appellant to reside at the property without paying any mortgage or rent.

2

## II. Appellant is not entitled to a fifth extension of deadline to file his opening brief because there is no good cause for the extension.

"Parties shall observe the briefing schedule set by an order of th[is] Court...." 9th Cir. R. 31-2.1(a). An extension of time set forth in the briefing schedule requires a "written motion supported by a showing of diligence and substantial need [for the extension]." *Id.* 31-2.2(b). The moving party must file his motion to extend

> at least [seven] days before the expiration of the time prescribed for filing the brief, and [the motion must include] a declaration stating ... movant's representation that movant has exercised diligence and that the brief will be filed within the time requested [and] whether any other party separately represented objects to the request, or why the moving party has been unable to determine any such party's position....

*Id.* Conclusory statement of diligence "does not constitute a showing of diligence and substantial need." *Cf. id.* And when the moving party has already received multiple extensions, this Court disfavors "any further extension of time to file the briefs absent extraordinary and compelling circumstances." *Cf. Schering Corp. v. First Databank, Inc.*, No. 07-15895, 2007 WL 5189858, at *1 (9th Cir. Aug. 27, 2007). Here, Appellant makes no attempt to show diligence in preparing his opening brief and substantial need for a fifth extension.

3

As an initial matter, Appellant submitted his fifth motion to only two days before the extended deadline of April 23, 2015. (Doc. No. 15 at 2.) He provided no explanation why he failed to submit his motion at least seven days before the deadline. (*Id.*)

More importantly, he provided no declaration explaining any diligence in preparing his opening brief. (*Id.*) For example, he has not shown any progress on his opening brief. (*Id.*) Appellees are concerned that Appellant may not have even begun preparing his brief.

Instead, Appellant continues to reiterate the same conclusory refrain used in his four motions to extend the deadline to file the opening brief:

> I am a layperson in the law. I need this extra time to research and write an appropriate brief.

(*Id.* at 1.) It is well-settled that "a layperson in the law" must follow the same rules of procedure that govern other litigants. *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984) ("A pro se defendant is subject to the same rules of procedure and evidence as defendants who are represented by counsel.") So Appellant's "layperson" status certainly does not justify any extensions. *See id.* Nevertheless, Appellant has not explained why he cannot prepare his brief within 153 days—the difference between November 21, 2014[1] and April 23, 2015. (Doc. Nos. 6, 14.)

---

[1] November 21, 2014, is the date that this Court reinstated the briefing schedule. (Doc. No. 6.)

4

He did not receive this length of extension in briefing his opposition to Appellees' motion to dismiss the complaint. When faced with a shorter deadline than the one for filing the opening brief, Appellant submitted his opposition. Furthermore, Appellant has not explained why his opening brief will involve more research than the one he already conducted in preparing for his opposition to Appellees' motion to dismiss. Therefore, Appellant's conclusory statement fails to show diligence and substantial need for the fifth extension. This Court should not grant any further extensions.

### III. Conclusion

For the above and foregoing reasons, Appellees respectfully request that this Court deny Appellant's fifth request for an extension.

Respectfully submitted on May 1, 2015.

/s/ I-Che Lai
I-CHE LAI, ESQ.
Nev. Bar No. 12247
BROOKS HUBLEY, LLP
1645 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone: (702) 851-1191

*Attorney for Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **APPELLEES' OPPOSITION TO APPELLANT'S FIFTH MOTION TO EXTEND TIME TO FILE OPENING BRIEF** with the Clerk of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 30, 2015.

I further certify that all participants in the case are not registered CM/ECF users. I have mailed the forgoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF on the following parties:

Ellery J. Pettit
6868 Sky Pointe Drive #2136
Las Vegas, Nevada 89131
*Appellant in proper person*

By:  /s/ Sandra K. Young
      An Employee of Brooks Hubley, LLP

6