# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| **ELLERY J. PETTIT,** | 14-15464 |
| Plaintiff-Appellant, | On Appeal from the United States District Court |
| v. | |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION et al.,** | For the District of Nevada<br>D.C. No. 2:11-cv-00149-JAD-PAL |
| Defendants-Appellees. | |

### APPELLEES' RESPONSE TO APPELLANT'S MOTION TO STRIKE BRIEF

Appellees, FEDERAL NATIONAL MORTGAGE ASSOCIATION, dba FANNIE MAE, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and SETERUS, INC. by and through its counsel of record Michael Brooks, Esq. and Ramir M. Hernandez, Esq., of BROOKS HUBLEY, LLP respectfully submit this Response to Appellant's Motion to Strike Brief. This opposition is filed

/ / /

/ / /

/ / /

1

based on the following memorandum of points and authorities, and the record of this case.

Respectfully submitted on November 10, 2016.

       /s/Ramir. M. Hernandez
Ramir M. Hernandez, Esq.
Nev. Bar No. 13146
BROOKS HUBLEY, LLP
1645 Village Center Circle, Suite 60
Las Vegas, Nevada 89134
Telephone: (702) 851-1191
*Attorney for Appellees*

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.**    **Introduction**

The Appellant's Motion presents to this Court that Appellees did not file a FRAP 26.1 Disclosure. However, Appellant fails to establish how such oversight was so prejudicial as to amount to the severe and draconian measure of striking Appellees' Answering Brief. Appellees' error in not filing a FRAP 26.1 Disclosure was inadvertent and unintentional. And Appellees now file a FRAP 26.1 Disclosure along with this Response to Appellant's Motion to correct any oversight on its part.

Frankly, Appellant's Motion is nothing more than grandstanding, as he is attempting to delay the proceedings once again to allow him more time file a Reply, even though he has had over a year to do so. The filing of the Certificate has not prevented him from filing his Reply. The reality is Appellees have been prejudiced

in this matter from the numerous delays caused by Appellant because Appellant continues to live rent free in his home without any consequence during the pendency of this action. Since Appellees did not intend to omit their 26.1 Disclosure, and have filed a Certificate of Interested Parties in the original action, Appellant is not prejudiced, and this Court should deny Appellant's Motion to Strike Appellees' Brief.

**B.  Background**

Appellant filed this appeal in March 2014. (Doc. No. 1.) This Court required Appellant to file his Opening Brief by December 22, 2014. (Doc. No. 6.) Thereafter, Appellant requested, and was granted six separate extensions from this Court to file his Opening Brief. (Doc Nos. 7-15, 18-19). Appellant finally filed his Opening Brief on June 30, 2015. (Doc. 20). Appellees timely filed their answering brief on July 30, 2015. (Doc. 23). On August 31, 2015, Appellant then requested and was granted multiple extensions of time to file his Reply brief. (Docs. 31-32, 34). Appellant then filed his motion to stay proceedings on December 24, 2015. (Doc. 38). On October 3, 2016, this Court denied Appellant's Motion to Stay Proceedings and ordered Appellant to file his Reply Brief on October 31, 2016. (Doc. No. 40). On October 31, 2016, instead of filing his Reply Brief, Appellant filed the instant Motion.

**C.  Appellant is attempting to delay the proceedings with the instant motion and as such his motion should be denied.**

3

### 1. Striking a brief is an extraordinary sanction requiring full non-compliance with the rules.

This Court has recognized that striking a party's brief is a harsh sanction, and does not utilize such a severe penalty unless the circumstances warrant it. *See N/S Corp. v. Liberty Mut. Ins. Co.,* 127 F.3d 1145, 1146 (9th Cir. 1997); *see also Mitchel v. General Elec. Co.,* 689 F.2d 877, 879 (9th Cir. 1982). Recognizing the severity of striking a party's brief for failure to comply with the Federal Rules of Appellate Procedure, this Court has not imposed the penalty unless the party's brief was so deficient that it fails to present a clear legal argument and record making it difficult for the court to render a proper decision. *See Id.* "We are mindful of the harshness of this rule, especially as its application could, if unwisely applied, leave a meritorious appellant without a legal remedy…" *Sekiya v. Gates,* 508 F.3d 1198, 1200 (9th Cir. 2007) citing *N/S Corp.,* 127 F.3d at 1146. By definition, deficient briefs are those that fail to include a standard of review, a table of contents, table of authorities, citations to case law, accurate citations to the record, and meritorious legal arguments. *Sekiya,* 508 F.3d at 1200; *N/S Corp.,* 127 F.3d at 1146; *Mitchel*, 689 F.2d at 879. When such copious amounts of deficiencies exist within a brief, the court is unable to "give fair consideration to those who call upon us for justice." *N/S Corp.,* 127 F.3d at 1146.

## 2. Appellees' oversight regarding the 26.1 disclosure does not warrant a draconian sanction.

The instant case greatly differs from the above cited cases. The only missing portion of Appellees' Brief was the FRAP 26.1 Disclosure Statement. And the missing 26.1 Disclosure did not make it impossible for this Court to recognize the contentions of Appellees. Instead, the missing 26.1 Disclosure was an oversight by Appellees and was not intended to delay this Court's proceedings or intended to make it difficult for this Court to recognize Appellees' meritorious legal arguments. Additionally, Appellees' Brief complied with all of the other FRAP requirements, thus indicating that the exclusion of the 26.1 Disclosure was inadvertent.

Moreover, Appellees' oversight of including a 26.1 Disclosure did not prejudice Appellant in any way whatsoever because it did not prevent Appellant from drafting his Reply nor deter Appellant from recognizing Appellees' meritorious legal arguments. In fact, a Certificate of Interested Parties was filed in the original action on March 9, 2011, giving Appellant notice of interested parties in the instant proceeding. (Doc. 23, p. 137-138). Thus, Appellant was not prejudiced since Appellees gave proper notice of interested parties, and Appellant received the exact information he would have had the Corporate Disclosure been included in the brief.

Because Appellant has already delayed these proceedings by requesting eight extensions between his Opening Brief and Reply, the instant motion is yet another

1163-0002/215529

attempt by Appellant to delay the proceedings and extract more time from this Court in order to file his Reply. This was further evidenced by the fact that Appellant filed the instant motion on the day his Reply was due, rather than filing the Reply. It is important to note that the longer Appellant attempts to delay the instant proceedings, the longer he resides rent-free in the Property at issue. This litigation has been in front of this Court for well over two years and Appellant's instant Motion is a further delay and has an appearance of being brought in bad faith.

### 3. Appellees have filed their 26.1 Disclosure and are in full compliance with the rules.

Finally, Appellees have filed their 26.1 Disclosure concurrent with the instant Response in order to correct their initial error. It was never the intention of Appellees to ignore or undermine the Federal Rules of Appellate Procedure. However, Appellees inadvertence in excluding a 26.1 Disclosure did not render their Brief so deficient that the harsh penalty striking the Brief is appropriate or warranted. Additionally, the oversight in no way prejudiced Appellee from replying to the Brief. Lastly, the instant Motion is a clear indication of Appellant attempting to further delay these proceedings. Therefore, this Court should deny Appellant's Motion to Strike Appellees' Brief.

/ / /

/ / /

## **CONCLUSION**

For the above and foregoing reasons, Appellees respectfully request that this Court deny Appellant's Motion.

Respectfully submitted on November 10, 2016.

    /s/ Ramir M. Hernandez
MICHAEL R. BROOKS, ESQ.
Nev. Bar No. 7287
RAMIR M. HERNANDEZ, ESQ.
Nev. Bar No. 13146
BROOKS HUBLEY, LLP
1645 Village Center Circle, Suite 60
Las Vegas, Nevada 89134
Telephone: (702) 851-1191
*Attorney for Appellees*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **APPELLEES' RESPONSE TO APPELLANT'S MOTION TO STRIKE BRIEF** with the Clerk of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on November 10, 2016.

I further certify that all participants in the case are not registered CM/ECF users. I have mailed the forgoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF on the following parties:

Ellery J. Pettit
6868 Sky Pointe Drive #2136
Las Vegas, Nevada 89131
*Appellant in proper person*


By: */s/SHANTEL M. LLANOS*
An Employee of Brooks Hubley, LLP

1163-0002/215529